891 F.2d 286
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sam S. ANDERSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Clinchfield Coal
Company, Respondents.
 No. 88-2964.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1989.
Decided: Nov. 9, 1989.
 
 Sam S. Anderson, petitioner pro se.
 Barbara J. Johnson, Karen Nancy Blank (United States Department of Labor), for respondent Director, Office of Workers' Compensation Programs, United States Department of Labor.
 Michael Francis Blair (Penn, Stuart, Eskridge & Jones), for respondent Clinchfield Coal Company.
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sam Anderson sought black lung benefits pursuant to the provisions of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. The administrative law judge (ALJ) found the evidence sufficient to support invocation of the interim presumption of disability under 20 C.F.R. § 727.203(a)(1), but found rebuttal under 20 C.F.R. § 727.203(b)(3). The Benefits Review Board (Board) affirmed the denial of benefits as supported by substantial evidence. We vacate and remand for further consideration.
 
 
 2
 Under Section 727.203(b)(3) rebuttal of the interim presumption of disability is established where the miner's disability did not arise, at least in part, out of coal mine employment. Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984). When a miner has several diseases that combine together to disable him, the employer must prove that the miner's primary condition was not aggravated to the point of total disability by prolonged exposure to coal dust. Massey, 736 F.2d at 124.
 
 
 3
 In finding rebuttal under § 727.203(b)(3), the ALJ relied on the opinions of Drs. Garzon and Kress. Dr. Garzon's statement that Anderson's coal dust exposure played a minor role in his lung disease is insufficient to rule out the causal relationship between the miner's total disability and his coal mine employment as required in order to rebut the interim presumption. Massey, 736 F.2d at 123. However, Dr. Kress' statement that Anderson's impairment was due to cigarette smoking, and not to coal mine employment, may be sufficient to support rebuttal under § 727.203(b)(3). We decline, however, to make the factual determination whether Dr. Kress' opinion alone is sufficient to support rebuttal.
 
 
 4
 Accordingly, the Board's decision and order is vacated and this case is remanded for further proceedings consistent with this opinion. Upon remand the ALJ should first consider whether invocation of the interim presumption was established under Mullins v. Director, OWCP, 56 U.S.L.W. 4044 (U.S. Dec. 14, 1987) (No. 86-327). If invocation is again found, he should determine whether Dr. Kress' opinion alone is sufficient to support rebuttal in light of the other evidence of record. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 5
 VACATED AND REMANDED.